IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MARLENE J. ROBERTSON,           )
                                )
        Plaintiff,              )
                                )    CASE NO. 1:11-cv-820
v.                              )
                                )
PRINCE WILLIAM HOSPITAL,        )
                                )
        Defendant.              )

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Prince William Hospital's ("PWH") 28 U.S.C. §1915(e) Motion to Dismiss, Rule 12(b)(6) Motion to Dismiss, and Rule 56 Motion for Summary Judgment. (Dkt. No. 8.) This case concerns Plaintiff Marlene J. Robertson's allegations that Defendant PWH committed tort and civil rights violations during her involuntary visit to Prince William Hospital in February 2010. There are six issues before the Court. The first issue is whether the Court should grant PWH's Motion to Dismiss Ms. Robertson's "constitutional due process violations" claim[1], or in the alternative, grant PWH's Motion for Summary Judgment, where Ms. Robertson only alleges that PWH lacked probable cause at the time it detained her in a psychiatric ward. The second issue is whether the Court should grant PWH's Motion to Dismiss Ms. Robertson's unlawful human trafficking claim, or in the alternative, grant PWH's Motion for Summary Judgment, where Ms. Robertson's sole allegation

---

[1] Ms. Robertson brings a "constitutional due process violations" claim, alleging that "[u]nder Section 1983 of the 14th Amendment applicable to the states through the 4th Amendment, Defendant lacked probable cause at the time to the seizure." (Compl. 1.) This is not a cognizable claim under Virginia or United States law, as no "Section 1983 of the 14th Amendment" exists. The Court adopts PWH's assumption that Ms. Robertson is attempting to assert a 42 U.S.C. § 1983 claim.

1

is that PWH told her she had been sold by a family member and was being saved for a pastor's son. The third issue is whether the Court should grant PWH's Motion to Dismiss Ms. Robertson's negligent infliction of emotional distress claim or, in the alternative, grant PWH's Motion for Summary Judgment, where Ms. Robertson alleges that as a result of PWH actions, she is so traumatized that she is frightened to go near a psychiatric hospital. The fourth issue is whether the Court should grant PWH's Motion to Dismiss Ms. Robertson's false imprisonment claim, or in the alternative, grant Defendant's Motion for Summary Judgment, where: (1) Ms. Robertson alleges that she was not allowed to leave the hospital for four days; (2) Ms. Robertson alleges that she reasonably believed that she was not free to leave because "a door automatically locked;" and (3) Ms. Robertson does not contest that a Temporary Detention Order was issued that gave PWH the authority to detain her until a full commitment hearing could be scheduled. The fifth issue is whether the Court should grant PWH's Motion for Summary Judgment on Ms. Robertson's "excessive use of force during unlawful restraint" and "unlawful medical testing and treatment claims"[2] where Ms. Robertson (1) alleges that PWH employees pinned her to a table and placed tight straps on her arms after she had informed hospital employees that she was ready to leave the hospital; (2) alleges that she was forced to submit to a variety of neurological tests and attend alcohol and drug testing programs; and (3) does not contest that a Temporary Detention Order was issued that gave PWH the authority to restrain her and conduct the necessary medical treatment until a full commitment hearing could be schedule. The sixth issue is whether the Court should grant PWH's Motion to Dismiss Ms. Robertson's claims under 28 U.S.C. §1915(e) where Defendant argues the Court may dismiss Ms. Robertson's claims as frivolous.

---

[2] These two claims are not cognizable under United States or Virginia law. The Court adopts Defendant's assumption that the "excessive use of force during unlawful restraint" and "unlawful medical testing and treatment" claims are attempting to assert a claim for battery.

2

The Court grants PWH's Motion to Dismiss Ms. Robertson's "constitutional due process violations" claim because Ms. Robertson fails to allege that PWH acted under color of state law, as required under 42 U.S.C. § 1983. The Court grants PWH's Motion to Dismiss Ms. Robertson's unlawful human trafficking claim because Ms. Robertson does not allege that PWH was involved in a human trafficking sale in any way. The Court grants PWH's Motion to Dismiss Ms. Robertson's negligent infliction of emotional distress claim because Ms. Robertson fails to allege that (1) PWH was negligent; or that (2) she sustained any physical injuries. The Court grants PWH's Motion for Summary Judgment in favor of PWH on Ms. Robertson's false imprisonment claim because Ms. Robertson does not contest that PWH had legal authority under a Temporary Detention Order to detain her. The Court grants PWH's Motion for Summary Judgment on Ms. Robertson's claims of "excessive use of force during unlawful restraint" and "unlawful medical testing and treatment," or battery, because Ms. Robertson fails to contest documents offered by PWH showing that PWH's conduct during the encounter was justified. The Court denies PWH's Motion to Dismiss under 28 U.S.C. §1915(e) as moot because the Court has either dismissed Ms. Robertson's claims or granted summary judgment in favor of PWH on the claims.

### I. BACKGROUND

Ms. Robertson alleges that in February 2010 she walked into the Prince William Hospital ("PWH") to keep warm after experiencing frostbite. When she was ready to leave the hospital, she was restrained and prevented from leaving by several nurses who grabbed her and pinned her to a table. PWH staff placed tight straps on her arm that cut off her circulation and cut into her skin. Ms. Robertson alleges that she was forced to submit to a variety of neurological tests and attend alcohol and drug testing programs. Ms. Robertson alleges that she was held at PWH for

four days while waiting to attend an involuntary commitment hearing. Ms. Robertson also alleges that PWH had indicated to her at the hospital that she had been "sold to a family member and was being held for a Pastor's son." Ms. Robertson was released from PWH after she was determined to be psychologically stable. As a result of this encounter, Ms. Robertson alleges that she has been traumatized, emotionally distraught, and scared to go near any psychiatric hospital.

On August 3, 2011, Ms. Robertson filed this lawsuit with this Court, asserting five claims[3] against PWH as a result of the February 2010 encounter: (1) Constitutional Due Process Violations; (2) Excessive Use of Force During Unlawful Restraint and Unlawful Medical Testing and Treatment; (3) False Imprisonment; (4) Unlawful Human Trafficking; and (5) Negligent Infliction of Emotional Distress.

On December 22, 2011, PWH filed a 28 U.S.C. §1915(e) Motion to Dismiss and a Rule 12(b)(6) Motion to Dismiss or, in the alternative, a Motion for Summary Judgment. As part of its Motion for Summary Judgment, PWH provides the following facts that Ms. Robertson does not contest. On February 12, 2010, the Prince William County Police Department brought Ms. Robertson to PWH emergency room due to her bizarre behavior. (Def.'s Mem. in Supp. of Mot. Summ. J. Ex. 1 at 23 [hereinafter Def.'s Mem.].) Soon after being brought to PWH, Ms. Robertson attempted to leave the emergency room, "ran out into the street to the cars," and believed that "someone was going to cut her eyes out." (Def.'s Mem. Ex. 2.) Concerned about Ms. Robertson's capacity and intention for self-injury, a registered nurse and a medical doctor at PWH authorized the use of restrains on her from 2:15 p.m. to 6:15 p.m. (Def.'s Mem. Ex. 3.)

---

[3] The Complaint does not set forth specific counts. The Court adopts PWH's assessment that there are five specific counts in this case.

During the time that she was restrained, her condition and need for the restrains was documented and assessed every fifteen minutes. (Def.'s Mem. Ex. 2.)

At 2:22 p.m., an Emergency Custody Order was issued by a magistrate judge.[4] (Def.'s Mem. Ex. 4 at 36.) At 2:50 p.m., Chris Smith of the Prince William County Community Services Board interviewed Ms. Robertson to determine whether to file a Petition for Involuntary Admission for Treatment. (Def.'s Mem. Ex. 4 at 36.) Mr. Smith documented that Ms. Robertson had "delusional and paranoid ideation with thought that others wanted to cut off her head and poke out her eyes." (Def.'s Mem. Ex. 4 at 37.) As a result of the interview, Mr. Smith applied for a Temporary Detention Order (TDO) under the belief that Ms. Robertson was a danger to herself. (Def.'s Mem. Ex. 4 at 37.)

Magistrate Judge Tara L. Crum signed the TDO at 5:55 p.m. (Def.'s Mem. Ex. 5.) Ms. Robertson was served the TDO at 8:35 p.m. (Def.'s Mem. Ex. 5.) Under the authority of the TDO, PWH admitted Ms. Robertson involuntarily for psychiatric care and treatment until her commitment hearing on February 16, 2010. *See* VA. CODE ANN. § 37.2-809(H) (2011). At the commitment hearing, a judge found that Ms. Robertson was not detainable, and she was immediately released. (Def.'s Mem. Ex. 6).

In response to PWH's motion, Ms. Robertson filed an opposition, titled "Motion to Deny Summary Judgment," on January 23, 2012.[5] On February 2, 2012, this Court held a hearing on

---

[4] The Emergency Custody Order (ECO) was issued pursuant to section 37.2-808 of the Virginia Code, which permits a magistrate judge to order that an individual "be taken into custody and transported to a convenient location to be evaluated to determine whether the person meets the criteria for temporary detention . . . and to assess the need for hospitalization or treatment." VA. CODE ANN. § 37.2-808(B) (2011). The person is subject to an ECO until a temporary detention order is issued, the hospital releases the person, or until the emergency custody order expires, which may "not to exceed four hours from the time of execution." VA. CODE ANN. § 37.2-808(J) (2011).

[5] Ms. Robertson's Motion to Deny Summary Judgment resembles an amended complaint instead of a reply brief. In fact, Ms. Robertson attached an identical document, titled Amended Complaint, to her Motion to Deny Summary Judgment. (Dkt. No. 15 Ex. 2.) On February 8, 2012 and February 21, 2012, Ms. Robertson filed a Motion to Further Amend, which was denied by the Court on March 27, 2012.

PWH's 28 U.S.C. §1915(e) Motion to Dismiss, Rule 12(b)(6) Motion to Dismiss, and Rule 56 Motion for Summary Judgment.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* FED. R. CIV. P. 12(b)(6). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555). A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

In order to survive a Rule 12(b)(6) motion to dismiss a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 555 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Conclusory allegations regarding the legal effect of the facts

6

alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the Plaintiffs' claim is and the grounds upon which it rests," the Plaintiffs' legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 556 n.3.

**B. Rule 56 Motion for Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. A "material fact" is a fact that might affect the outcome of a party's case. *Id.* at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the

nonmoving party's favor. *Anderson*, 477 U.S. at 248. Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### III. ANALYSIS

#### A. Constitutional Due Process Violations Claim

The Court grants PWH's Motion to Dismiss the "constitutional due process violations" claim, or a claim under 42 U.S.C. §1983, because Ms. Robertson fails to allege that PWH acted under color of law.

In an action under 42 U.S.C. § 1983, "a plaintiff must [1] allege a violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acting under color of state law must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299 (1941)). The analysis for determining whether a person is acting under color of state law is synonymous to the state action requirement of the Fourteenth Amendment. *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180–81 (4th Cir. 2009); *Moore v. Williamsburg Reg'l Hosp.*, 560 F.3d 166, 178 (4th Cir. 2009). "[M]erely private conduct, no matter how discriminatory or wrongful, fails to qualify as state action." *Philips*, 572 F.3d at 181 (internal quotation and citation omitted). "In sum, 'private activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient.'" *Id.* (quoting

*Wahi v. Charleston Area Medical Center, Inc.*, 562 F.3d 599, 616 (4th Cir. 2009)) (internal quotation marks omitted).

Here, Ms. Robertson's only allegation in support of her section 1983 claim is that "Defendant lacked probable cause at the time of the seizure." (Compl. 1.) Ms. Robertson has not alleged that PWH was a state actor, nor has she alleged that a state actor controlled PWH's actions or delegated a public function to PWH. Accordingly, the Court grants PWH's Motion to Dismiss Ms. Robertson's "constitutional due process violations" claim.

### B. Unlawful Human Trafficking Claim

The Court grants PWH's Motion to Dismiss Ms. Robertson's unlawful human trafficking claim because Ms. Robertson fails to implicate PWH in any human trafficking violation. The Trafficking Victims Protection Reauthorization Act ("TVPRA") provides a civil cause of action for human trafficking claims. 18 U.S.C. §§ 1589–1596. In order to bring a cause of action under the TVPRA, a plaintiff must prove that "the defendant has engaged in human trafficking, which Congress described as 'a contemporary manifestation of slavery.'" *Ditullio v. Boehm*, 662 F.3d 1091, 1098 (9th Cir. 2011).

Ms. Robertson's claim must be dismissed for failure to state claim because she does not connect PWH with the alleged human trafficking offense. Specifically, she alleges that PWH "indicated" to her that "she had been sold by a family member." (Compl. 2.) However, she does not allege anywhere in the Complaint that PWH was part of, or participated in, the alleged human trafficking. Accordingly, the Court finds Ms. Robertson's allegations insufficient to establish a human trafficking claim and grants PWH's Motion to Dismiss.[6]

---

[6] The Court also notes that to the extent that Ms. Robertson is alleging that PWH was involved in, or had knowledge of, an elaborate human trafficking scheme to hold Ms. Robertson "for a Pastor's son," this claim is inconsistent with the allegation that she voluntarily walked into the hospital for frostbite.

9

## C. Negligent Infliction of Emotional Distress Claim

The Court grants PWH's Motion to Dismiss Ms. Robertson's negligent infliction of emotional distress claim because Ms. Robertson does not allege any negligence by PWH or that she sustained any physical damages. "As an initial matter, there can be no actionable negligence unless there is a legal duty, a violation of the duty, and a consequent injury." *Villnow v. DeAngelis*, 55 Va. Cir. 324, 225 (Va. Cir. Ct. 2001) (citing *Gray v. Inova Health Care Services*, 514 S.E.2d 355 (Va. 1999)). To recover under a negligent infliction of emotional distress claim, a plaintiff must properly plead that she suffered a physical injury "as the result of fright or shock caused by a defendant's negligence, as well as an unbroken chain of causal connection between the alleged negligent act, the emotional disturbance and the physical injury." *S.R. v. Inova Healthcare Services*, 49 Va. Cir. 119, 1999 WL 797192, at *5 (Va. Cir.Ct. 1999). In order to be actionable, an emotional distress claim must be accompanied by a physical injury. *Delk v. Columbia/HCA Healthcare Corp.*, 523 S.E.2d 826, 833 (Va. 2000). "[W]here conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone." *Hughes v. Moore*, 197 S.E.2d 214, 219 (Va. 1973).

Here, Ms. Robertson fails to state a claim for negligent infliction of emotional distress for two reasons. First, Ms. Robertson does not allege that PWH was negligent as there are no allegations in the Complaint regarding PWH's duty or a subsequent breach of that duty. Second, Ms. Robertson does not allege that she suffered any physical injury that was the result or natural cause of PWH's alleged negligence. Ms. Robertson merely alleges that she was "so traumatized" and "emotionally distraught by the events that she is frightened to go anywhere near a psychiatric hospital." (Compl. 2.) None of these allegations suggest any physical injury.

Therefore, the Complaint fails to plead the elements of a negligent infliction of emotional distress claim. Consequently, the Court dismisses Ms. Robertson's negligent infliction of emotional distress claim.

### D. False Imprisonment Claim

The Court grants PWH's Motion for Summary Judgment in favor of PWH on the unlawful false imprisonment claim because Ms. Robertson fails to contest documents offered by PWH, indicating that PWH had legal authority under the Temporary Detention Order ("TDO") to detain Ms. Robertson for four days while waiting for a commitment hearing.[7] In Virginia, the intentional tort of false imprisonment is defined as "the restraint of one's liberty without any sufficient legal excuse." *Lewis v. Kei*, 708 S.E.2d 884, 890 (Va. 2011); *Montgomery Ward & Co. v. Wickline,* 50 S.E.2d 387, 388–89 (1948). "[A] Virginia plaintiff need only prove that he was detained; it is for the defendant to proffer an adequate legal justification warranting the detention." *Figg v. Schroeder*, 312 F.3d 625, 642 (4th Cir. 2002).

Here, PWH submitted evidence showing that the Magistrate Judge Crum entered a TDO that gave PWH the legal authority to detain, treat, and care for Ms. Robertson until a full commitment hearing could be held.[8] (Def.'s Mem. Ex. 5.) Ms. Robertson does not contest that the TDO was issued. Thus, the Court grants summary judgment in favor of PWH as to the false

---

[7] PWH argues that Ms. Robertson's claim also could be dismissed under Rule 12(b)(6) because she fails to allege that PWH was not justified in their actions. However, for a claim of false imprisonment, "a Virginia plaintiff need only prove that he was detained; it is for the defendant to proffer an adequate legal justification warranting the detention." *Figg v. Schroeder*, 312 F.3d 625, 642 (4th Cir. 2002). Since Ms. Robertson alleges that she was detained against her will, her claim would survive a Rule 12(b)(6) motion.

[8] The TDO, pursuant to section 37.2-809(H) of the Virginia Code, authorized PWH to detain Ms. Robertson for the four days. Under Virginia law, a TDO "shall not exceed 48 hours . . . [unless] the 48-hour period . . . terminates on a Saturday, Sunday, or legal holiday, [in which case,] the person may be detained . . . until the close of business on the next day that is not a Saturday, Sunday, or legal holiday." VA. CODE ANN. § 37.2-809(H) (2011). Ms. Robertson was detained pursuant to the TDO starting Friday, February 12, 2010 and was released after the commitment hearing was held on Tuesday February 16, 2010. Monday, February 15, 2010 was a legal holiday (President's Day).

imprisonment claim because there is no genuine issue of fact that PWH acted in a justified or excused manner when detaining Ms. Robertson.

### E. Excessive Use of Force during Unlawful Restraint Claim and Unlawful Medical Testing and Treatment Claim

The Court grants PWH's Motion for Summary Judgment on Ms. Robertson's claims of "excessive use of force during unlawful restraint" and "unlawful medical testing and treatment," or battery, because Ms. Robertson fails to contest documents offered by PWH showing that PWH's conduct during the encounter was justified. In Virginia, the tort of battery is defined as an "unwanted touching which is neither consented to, excused, nor justified." *Koffman v. Garnett*, 574 S.E.2d 258, 261 (Va. 2003).

In this case, PHW submitted evidence indicating that a physician authorized the use of restrains to protect Ms. Robertson from herself pursuant to an Emergency Custody Order. Ms. Robertson does not dispute that fact. Furthermore, Ms. Robertson does not contest that she was subject to a TDO that gave PWH the authority to detain her and provide her with necessary medical care. As such, there is no genuine issue of fact that PWH's conduct in restraining or treating Ms. Robertson was justified. Therefore, the Court grants summary judgment in favor of PWH as to Ms. Robertson's "excessive use of force during unlawful restraint" and "unlawful medical testing and treatment" claims because PWH acted in a justified or excused manner.

### F. Motion to Dismiss Under 28 U.S.C. § 1915(e)

The Court denies as moot PWH's Motion to Dismiss pursuant to 28 U.S.C. § 1915(e) because the Court has either dismissed Ms. Robertson's claims or granted summary judgment in favor of PWH on the claims. With no claims that remain unresolved, the Court need not entertain PWH's motion to dismiss pursuant to 28 U.S.C. § 1915(e).

## IV. CONCLUSION

The Court grants PWH's Motion to Dismiss, or in the alternative, Motion for Summary Judgment as to all counts in the Complaint. Specifically, the Court grants PWH's Motion to Dismiss the "constitutional due process violations" claim, or a claim under 42 U.S.C. §1983, because Ms. Robertson fails to allege that PWH acted under color of law. Second, the Court grants PWH's Motion to Dismiss Ms. Robertson's unlawful human trafficking claim because Ms. Robertson's factual allegations fail to implicate PWH in any human trafficking violation. Third, the Court grants PWH's Motion to Dismiss Ms. Robertson's negligent infliction of emotional distress claim because Ms. Robertson does not allege any negligence by PWH or that she sustained any physical injuries. Fourth, the Court grants PWH's Motion for Summary Judgment in favor of PWH on the unlawful false imprisonment claim because Ms. Robertson fails to contest documents offered by PWH, indicating that PWH had legal authority under the Temporary Detention Order to detain Ms. Robertson for four days while waiting for a commitment hearing. Fifth, the Court grants PWH's Motion for Summary Judgment on Ms. Robertson's claims of "excessive use of force during unlawful restraint" and "unlawful medical testing and treatment," or a claim for battery, because Ms. Robertson fails to contest documents offered by PWH showing that PWH's conduct during the encounter was justified. Lastly, the Court denies as moot PWH's Motion to Dismiss pursuant to 28 U.S.C. § 1915(e) because the Court has either dismissed Ms. Robertson's claims or granted summary judgment in favor of PWH. Accordingly, it is herby

ORDERED that Defendant's Motion to Dismiss is GRANTED with respect to the claims of "constitutional due process violations," unlawful human trafficking, and negligent infliction of emotion distress. These claims are DISMISSED WITH PREJUDICE. It is further

ORDERED that Defendant's Motion for Summary Judgment is GRANTED with respect to the claims of unlawful false imprisonment, "excessive use of force during unlawful restraint," and "unlawful medical testing and treatment." It is further

ORDERED that Defendant's Motion to Dismiss Pursuant to § 1915(e) is DENIED as moot.

The Clerk is directed to forward a copy of this Memorandum and accompanying Order to counsel of record and Plaintiff, *pro se*.

ENTERED this 25th day of April, 2012.

Alexandria, Virginia
4/25/2012

/s/
Gerald Bruce Lee
United States District Judge